**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 14, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO DE LA TORRE-
RODRIGUEZ,

Defendant-Appellant.

No. 06-2032

(D. New Mexico)

(D.C. No. 05-CR-1253 WPJ)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **ANDERSON**, and **GORSUCH,** Circuit Judges.[**]

Mario De La Torre-Rodriguez pleaded guilty to one count of re-entry of a

deported alien previously convicted of an aggravated felony in violation of 8

U.S.C. §§ 1326(a)(1), 1326(a)(2), and 1326(b)(2).  The applicable advisory

Guideline range for his offense was 57 to 71 months.  The district court sentenced

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

him to 57 months.  On appeal, Mr. De La Torre-Rodriquez argues that the district court erred in refusing his request for a 51 month sentence.  Because the sentence was reasonable, we affirm.

## I. Background

Mr. De La Torre-Rodriguez entered the United States illegally from Mexico in 1979. While he was in the country from 1979 until his deportation in 2003, Mr. De La Torre-Rodriguez married and had two children.  He also racked up nine convictions for crimes ranging from public intoxication to drug trafficking.  In May of 2003, Mr. De La Torre-Rodriguez was deported for reasons relating to a 1987 conviction of transporting or selling a controlled substance.  He violated his deportation by returning to the country later that same year.  After crossing the border, Mr. De La Torre-Rodriguez worked as a carpenter in Arizona and, according to his version of events, sent money to his wife who was living in California and had been diagnosed with breast cancer.  In 2004, he traveled from Arizona to El Paso, Texas to see his dying mother.  On his way to Texas, New Mexico state police detained Mr. De La Torre-Rodriguez on suspicion of being an illegal alien.  A subsequent background check revealed Mr. De La Torre-Rodriguez's deportation.

The Presentence Report (PSR) set Mr. De La Torre-Rodriguez's base-level offense for disregarding a deportation order at eight.  He received a sixteen-level increase for returning to the United States after being convicted of a drug

2

trafficking offense for which the sentence was more than thirteen months in prison. Based on his criminal history, the PSR placed Mr. De La Torre-Rodriguez in Criminal History Category VI, the highest category. With a three-level downward adjustment for acceptance of responsibility and a two-level reduction for accepting a "fast-track" plea, the advisory Guideline range was 63 to 78 months. At sentencing, the district court found that Mr. De La Torre-Rodriguez's criminal history did not warrant Category VI classification and reduced his criminal history to Category V, which made the advisory Guideline range 57 to 71 months. Mr. De La Torre-Rodriguez then requested a sentence of 51 months based on his wife's health and his own psychological and physical problems. The district court rejected the request for a variance and sentenced Mr. De La Torre-Rodriguez to 57 months.

## II. Discussion

We review criminal sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Because "the Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country," a sentence within the appropriate guideline range raises a rebuttable presumption of reasonableness. *Id.* at 1054 (alteration and internal quotation marks omitted). Nevertheless, we do not rely on the presumption of reasonableness in assessing Mr. De La Torre-Rodriguez's sentence.

"Reasonableness review is guided by the factors set forth in 18 U.S.C. §

3

3553(a), which include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training and treatment." *Id.* at 1053 (internal citations omitted). We conclude that the sentence of 57 months is objectively reasonable in light the § 3553(a) factors.

We also note that the district court's well-reasoned sentencing order took into account both of Mr. De La Torre-Rodriguez's arguments for a below-guideline sentence. The district court noted Mr. De La Torre-Rodriguez's health-related argument, and recommended that Mr. De La Torre-Rodriguez receive an evaluation and any necessary medical care. In addition, the court found that Mr. De La Torre-Rodriguez's family circumstances argument lacked credibility. The court explained,

> what troubles me about [Mr. De La Torre's family circumstances argument] . . . seems to be a lack of proof on this, if a spouse, a loved one has been diagnosed with cancer in California, then it seems to me that . . . this defendant should have been in California providing, actually being there physically to support his wife who's going through chemotherapy and radiation.

Rec. Vol. III, at 37.

Given that it is the district court's function to assess credibility, this determination should not be disturbed absent evidence of clear error. *See Kristl*, 437 F.3d 1054 ("When reviewing a district court's application of the Guidelines

4

in the post-*Booker* era, we examine . . . issues of fact for clear error.") (internal quotation marks omitted).  Our review of the record reveals no error, clear or otherwise.

### III. Conclusion

Accordingly, we AFFIRM Mr. De La Torre-Rodriguez's sentence.


Entered for the Court,


Robert H. Henry
Circuit Judge

5